AKOI (w) *vs.* KEN KAU (k).

EXCEPTIONS.

HEARING, MARCH 19, 1894.     DECISION, MARCH 26, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Libel for divorce held, under the circumstances, improperly dismissed for want of service of an amendment upon the libellee.

OPINION OF THE COURT, BY FREAR, J.

At the July Term, 1893, of the Circuit Court, of the Fourth Circuit, libellee's attorney moved the Court to dismiss the libel (for divorce) for want of jurisdiction, because there was no allegation that the parties last lived together as husband and wife within said Circuit. The libellant thereupon, by consent of the Court, filed an amendment containing such allegation. The case was then continued, on motion of libellee's attorney, to the January Term, 1894, at which term said attorney moved the Court to dismiss the libel on the grounds that the amendment had not been served on the libellee, and that it was then too late for such service. This motion was granted, and the case comes here on exceptions to the order allowing it.

There is no statute or rule of Court which requires service of an amended libel to be made within any particular time, or even to be made at all. Rules 3 and 9 of the Circuit Courts, referred to by counsel, obviously do not apply to this case. But on general principles, unless the amendment is

allowed in open court in the presence of the libellee, or perhaps, his attorney, service, unless waived, not only should be made, but should be made within a reasonable time. It may be that, in this instance, the filing of the amendment in open court by leave of the Court and in the presence of libellee's attorney and the subsequent motion for continuance made by said attorney with full knowledge of the amendment, amounted to a waiver of service or made service unnecessary. This may have been the view of libellant's attorney and may account for his omission to make service. But without deciding whether service was or could have been thus waived by the attorney or was rendered unnecessary, the libellee apparently not being present, it seems to us that under the circumstances the trial court erred in dismissing the libel. The case might perhaps have been different if the Court, upon allowing the amendment at the first term, had also made an order that a copy of it should be served upon the libellee within a specified time, and no good reason had appeared for neglect to do so. As it was, the Court should have allowed service to be made, if necessary, as offered by libellant's attorney, at the second term, with or without terms as to cost and continuance.

The case is remanded to the Circuit Court for such further proceedings as may be proper in view of the foregoing decision.

*S. K. Kane*, for libellant.

*D. H. Hitchcock* and *W. R. Castle*, for libellee.